T.C. Memo. 1999-304


UNITED STATES TAX COURT


WAYNE BASEBALL, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15966-98X.                    Filed September 15, 1999.


<u>John K. Graham</u> and <u>David J. Nagle</u>, for petitioner.

<u>Mark A. Ericson</u>, for respondent.


MEMORANDUM OPINION

COHEN, <u>Chief Judge</u>:  Respondent determined that Wayne

Baseball, Inc. (petitioner), does not qualify as a section

501(c)(3) charitable organization and, therefore, is not exempt

from Federal taxation under section 501(a).  Pursuant to section

7428 and title XXI of the Tax Court Rules of Practice and

Procedure, petitioner seeks a declaratory judgment that it is a

qualified organization under section 501(c)(3).  The

administrative record, which includes all the facts upon which respondent made the final adverse determination, was submitted to the Court under Rule 217(b)(1).  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at the time the petition was filed, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner is a nonprofit Delaware corporation whose principal activity is the sponsorship of a highly competitive amateur baseball team.  The team plays almost exclusively in Delaware County, Pennsylvania.  Home games are played on a local high school field, and petitioner does not charge admission to spectators who come to watch the games.

Each year, the team holds a series of spring tryouts from which approximately 25 players are selected to make up the roster for a 40-game season.  The typical player is over the age of 21 and either has competed or currently competes at the collegiate baseball level.  The roster also includes several younger players between the ages of 17 and 21.  Each player possesses a high degree of skill in the game of baseball.  At the time the administrative record was compiled, one younger player was in the process of trying out for the U.S. national baseball team, which competes in the Olympic and Pan-American Games.  Also included on the team are several perennial veteran players who are in their

later 20's. In addition to being players, these older team members serve as mentors who instruct and assist in the development of their younger teammates. Two of the veteran players also serve on petitioner's board of directors. Of the 25 team members, 3 have experience playing in the professional minor leagues.

The team does not have a formal instructional program. To improve player performance, the team relies instead on informal interaction between the players in giving each other advice and on self-taught, hands-on training that occurs in game situations. On their own time and initiative, two players have assisted local high school athletes in the game of baseball, but this extracurricular coaching is not sponsored by petitioner.

Petitioner sponsors the team by supplying uniforms, equipment, umpire fees, insurance, league fees, and miscellaneous expenses. The expenses of the team run typically between $5,000 and $9,000 per year. A substantial amount of petitioner's proceeds come from contributions made by Charles T. Freeman (Freeman). Freeman is president of petitioner, a director on petitioner's board, and also volunteers as the general manager of the team.

On December 6, 1995, petitioner submitted a Form 1023, Application for Recognition of Exemption, under section 501(c)(3). Respondent issued an initial adverse determination on

June 6, 1996.  Petitioner appealed to the Internal Revenue Service Office of Appeals, which gave a final adverse determination on July 1, 1998, denying tax-exempt status to petitioner under section 501(c)(3).  Respondent's reasons for denial stemmed from his conclusion that petitioner is not operated exclusively for exempt purposes, in that a substantial portion of the purposes and activities of petitioner is social and recreational and inconsistent with the section 501(c)(3) exemption.  Petitioner challenges that finding in this action for declaratory judgment.

## Discussion

Petitioner bears the burden of proving that it is a section 501(c)(3) organization.  Rule 217(c)(2)(A).  A statute creating an exemption must be strictly construed.  See American Auto. Association v. Commissioner, 19 T.C. 1146, 1158 (1953); Associated Indus. of Cleveland v. Commissioner, 7 T.C. 1449, 1464 (1946).

Section 501(a) provides tax-exempt status for organizations described in section 501(c).  Section 501(c)(3) includes the following organizations:

> (c)(3) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, testing for public safety, literary, or educational purposes, or to foster national or international amateur sports competition (but only if no part of its activities involve the provision

> of athletic facilities or equipment), or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation * * *, and which does not participate in, or intervene in * * *, any political campaign on behalf of any candidate for public office.

The theory behind the exemption is that the Government is compensated for the loss of revenue by its relief from the financial burden that would otherwise have to be met from public funds and that the Government realizes benefits resulting from private promotion of the general welfare. See H. Rept. 1860, 75th Cong., 3d Sess. (1938), 1939-1 C.B. (Part 2) 728, 742.

Section 501(c)(3) sets forth three requirements for an organization to be exempt: (1) The corporation must be organized and operated exclusively for exempt purposes, (2) no part of the net earnings of the corporation may inure to the benefit of any shareholder or individual, and (3) the corporation must not engage in political campaigns or, to a substantial extent, in lobbying activities. See Hutchinson Baseball Enters., Inc. v. Commissioner, 73 T.C. 144, 151 (1979), affd. 696 F.2d 757 (10th Cir. 1982). Only the first requirement is at issue in this case.

Respondent concedes that petitioner is organized exclusively for exempt purposes within the meaning of section 501(c)(3). Therefore, the only remaining question is whether petitioner is

operated as a section 501(c)(3) organization.  The operational test requires the activities of an organization to be primarily those that accomplish an exempt purpose as described in section 501(c)(3).  See sec. 1.501(c)(3)-1(c)(1), Income Tax Regs.  A single substantial nonexempt purpose will disqualify an organization despite the importance of its exempt purpose.  See Better Business Bureau v. United States, 326 U.S. 279, 283 (1945).  If an organization serves private rather than public interests, it also will not meet the operational test.  See sec. 1.501(c)(3)-1(d)(1)(ii), Income Tax Regs.

Petitioner contends that it operates exclusively for one or more exempt purposes within the meaning of section 501(c)(3) and does not further private interests.  In support of this assertion, petitioner relies on Hutchinson Baseball Enters., Inc. v. Commissioner, supra at 155-156, which held that the promotion of amateur baseball is an exempt purpose.  Respondent argues that petitioner does not qualify under section 501(c)(3) because more than an insubstantial part of the activities of petitioner furthers nonexempt social and recreational interests of its members.  Respondent relies on the similarities of this case to Media Sports League, Inc. v. Commissioner, T.C. Memo. 1986-568, which denied exempt status to an amateur sports league.

Section 501(c)(3) exempt purposes are those of a charitable character and are not limited to the classifications enumerated

by the statute.  See <u>Hutchinson Baseball Enters., Inc. v. Commissioner</u>, <u>supra</u> at 152.  The term "charitable" embraces "'any benevolent or philanthropic objective not prohibited by law or public policy which tends to advance the well-doing and well-being of man.'"  <u>Id.</u> at 153.

In <u>Hutchinson Baseball Enters., Inc.</u>, we held that promotion, advancement, and sponsorship of amateur baseball are exempt purposes under section 501(c)(3).  See <u>id.</u>  The organization in <u>Hutchinson Baseball Enters., Inc.</u> sponsored a highly skilled adult amateur baseball team.  It also leased and maintained baseball fields for the use of Little League teams, a local community college team, American Legion teams, and a baseball camp.  In addition, the organization provided coaches for the Little League teams and baseball camp.  See <u>id.</u> at 147. The Court held that these activities as a whole advanced amateur baseball in the Hutchinson community.  See <u>id.</u> at 155.

In <u>Media Sports League, Inc.</u>, the Court addressed a similar issue but concluded that a corporation is not a section 501(c)(3) organization when its activities solely sponsor sports games for novice adult amateur athletes.  We distinguished the organization in <u>Media Sports League, Inc.</u> from the organization in <u>Hutchinson Baseball Enters., Inc.</u> as follows:

> In <u>Hutchinson</u> we found the organization's
> predominant motivation for engaging in its activities
> was the furtherance of amateur athletics.  The

organization provided coaching and instruction for children and recruited only top amateur baseball players to play on the team it sponsored. The organization also hired a coach, general manager and trainer to work with the team. Petitioner, in contrast, provides no formal or ongoing instruction to its members, has no skill requirements for eligibility to play in its leagues and does not require members to participate in any of its activities. Petitioner also provides facilities and equipment for its members. An organization may engage in a particular activity for exempt and nonexempt purposes, but the operational test will be satisfied only if the taxpayer is operated exclusively for one or more of the exempt purposes specified in the statute. * * * Although we believe that the furtherance of amateur athletics is one of petitioner's goals, we find that a substantial purpose was to further the social and recreational interests of its members. We have repeatedly held that organizations whose activities are directed substantially toward social and recreational purposes are not eligible for section 501(c)(3) status. [Media Sports League, Inc. v. Commissioner, supra; citations omitted.]

We conclude that petitioner is unlike the organization in Hutchinson Baseball Enters., Inc. and indistinguishable from the organization in Media Sports League, Inc. In Hutchinson Baseball Enters., Inc., the activities of the organization primarily promoted baseball in the surrounding community by maintaining a baseball field for the public and providing coaches for Little League teams and baseball camp. Hutchinson Baseball Enters., Inc. v. Commissioner, supra at 155. In contrast, the only activity sponsored by petitioner is the operation of the adult amateur baseball team. As in Media Sports League, Inc., the primary beneficiaries of petitioner are

the individual team participants, including the player/directors and Freeman, who serves as the team manager.  The team furthers their social and recreational interests, and, on balance, this nonexempt purpose was substantial in comparison to petitioner's promotion of the game of baseball to the surrounding community. Allowing spectators to watch the games free of charge is incidental to the purpose of providing a team for the enjoyment, recreation, and social interaction of the players, and, although two players on their own have taken the initiative to teach baseball to several local youths, petitioner does not sponsor those activities.  Therefore, petitioner does not benefit its community in a way comparable to the charitable activities described in <u>Hutchinson Baseball Enters., Inc. v. Commissioner</u>, <u>supra</u> at 153-156.

For the reasons stated, we conclude that petitioner is not operated as a section 501(c)(3) organization.  We have considered the other arguments of petitioner, and they are addressed by the consideration of nonexempt purposes or otherwise lack merit.

<u>Decision will be</u>

<u>entered upholding</u>

<u>respondent's determination.</u>